1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

EUGENE ANDREW FOSTER,

Defendant.

Case No. 23CR0944-JO

[PROPOSED] PRELIMINARY
ORDER OF CRIMINAL
FORFEITURE

16    WHEREAS, in the Superseding Information the United States sought forfeiture of
17 all right, title, and interest in specific properties of Defendant (EUGENE ANDREW
18 FOSTER), ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and
19 853(a)(2) as property constituting or derived from proceeds defendant received directly or
20 indirectly as a result of the offense, and as property used, or intended to be used, in any
21 manner or part, to commit or to facilitate the commission of the offense set forth in Count
22 1 of the Superseding Information which alleges violation of Title 21, United States Code,
23 Section 841(a)(1); and,

24    WHEREAS, on or about June 6, 2023, Defendant pled guilty before Magistrate
25 Judge Karen S. Crawford to the offense set forth in Count 1 of the Superseding Information,
26 charging the defendant with Possession of Fentanyl with Intent to Distribute in violation of
27 Title 21, United States Code, Section 841(a)(1), consented to the forfeiture allegations of
28 the Superseding Information, and agreed pursuant to Title 21, United States Code, Sections

853(a)(1) and 853(a)(2), to forfeiture all properties seized in connection with the case, including, but not limited to the following:

    a. $19,490.00 U.S. Currency; and

    b. One (1) Polymer 80 PF940v2 9MM firearm;

    c. One Magpul P-Mag Glock 10 rnd magazine;

    d. Ten (10) rounds of 9mm Ammunition;

    e. One (1) Cricket phone;

    f. One (1) Samsung phone;

    g. One (1) blue Motorola phone;

    h. One (1) blue Wiko phone;

    i. One (1) black T-Mobile phone; and

WHEREAS, on, July 6, 2023, this Court accepted the guilty plea of Defendant; and,

WHEREAS, by virtue of the facts set forth in the plea, the Court finds that the United States has established the requisite nexus between the properties and the offense of conviction; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the properties, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which is hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant EUGENE ANDREW FOSTER to Count 1 of the Superseding Information the United States is hereby authorized to take custody and control of the properties, and all right, title and interest of Defendant EUGENE ANDREW FOSTER in the properties is hereby forfeited to the United States pursuant to

1  Title 21, United States Code, Sections 853(a)(1) and 853(a)(2)for disposition in accordance
2  with the law, subject to the provisions of 21 U.S.C. § 853(n):

3      a. a. $19,490.00 U.S. Currency; and

4      b. One (1) Polymer 80 PF940v2 9MM firearm;

5      c. One Magpul P-Mag Glock 10 rnd magazine;

6      d. Ten (10) rounds of 9mm Ammunition;

7      e. One (1) Cricket phone;

8      f. One (1) Samsung phone;

9      g. One (1) blue Motorola phone;

10     h. One (1) blue Wiko phone;

11     i. One (1) black T-Mobile phone.

12     2.    The aforementioned forfeited assets are to be held by Homeland Security
13 Investigations in its secure custody and control.

14     3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
15 begin proceedings consistent with any statutory requirements pertaining to ancillary
16 hearings and rights of third parties. The Court shall conduct ancillary proceedings as the
17 Court deems appropriate only upon the receipt of timely third-party petitions filed with the
18 Court and served upon the United States. The Court may determine any petition without
19 the need for further hearings upon the receipt of the Government's response to any petition.
20 The Court may enter an amended order without further notice to the parties.

21     4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of
22 Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
23 Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the
24 United States forthwith shall publish for thirty (30) consecutive days on the Government's
25 forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States'
26 intent to dispose of the specific properties in such manner as the Attorney General may
27 direct, and notice that any person, other than the Defendant, having or claiming a legal
28 interest in the above-listed forfeited specific properties must file a petition with the Court

within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.      Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: 9/8/23

_____
Honorable Jinsook Ohta
United States District Judge

- 4 -                                                23CR0944-JO